Manuel Arturo CASTILLO–CALDER-ON; Rosa Aura Castillo; Ramirez Frederic Henry; Ramirez Eric Arturo, Petitioners,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 01–70759.

I & NS Nos. A21–241–410, A70–919–886, A70–919–887, A70–919–888.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided March 21, 2002.

---

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

### MEMORANDUM*

Petitioners Manuel Arturo Castillo–Calderon, his wife, Rosa Aura Castillo, and their children, Frederic Henry Castillo Ramirez and Eric Arturo Castillo Ramirez, natives and citizens of Guatemala, seek judicial review of a final order of deportation issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we vacate the BIA's order.

At the deportation hearing, Castillo testified that he and his family departed from Guatemala in May 1993. In Guatemala, Castillo owned his own business buying and selling used cars, electrical devices, and other merchandise. Castillo testified that guerillas had started asking him for money in late 1992. Castillo described the money as "taxes" because the guerillas used the money to pay for weapons, medication and food. The guerillas required Castillo to pay taxes every month. When Castillo was no longer able to pay the taxes, the guerillas shot at his house and car and left him a threatening note.

Castillo further testified that, while he was away from home in April of 1993, guerillas attacked his wife and child in the family home. Mrs. Castillo also testified about the attack.[1] She stated that three men broke down her door, beat her, and pushed her small child. The assailants left a note with Mrs. Castillo requesting that Castillo transport weapons in his truck. Castillo agreed to a time and place to transport the weapons, but instead, on April 31, 1993, he and his family left their home, and arrived in the United States early in May.

The Immigration Judge ("IJ") found that "by refusing to help the guerillas and to continue to contribute money or to transport the weapons, the guerillas would then impute the political opinion to them that they did not support their efforts." The IJ concluded that the Castillos had a well-founded fear of being persecuted if they returned to Guatemala.

On appeal, the BIA stated that "the record contains no evidence that [Petitioners] articulated their political opinions to their persecutors, or that in fact they have a political opinion, including political neutrality." The BIA further found that "there was no proof" that the motive for the persecution of Petitioners was anything but economic. In other words, the BIA conceded that the family had been persecuted, but said that the persecution was not proven to be on account of a protected ground.

The BIA's determination must be upheld if supported by substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996). While not artfully presented, the Castillos have consistently contended that they feared "persecution based on a political opinion, specifically, neutrality, imputed to them by the guerillas, and therefore they are entitled to protection under the Act."

The BIA said that there was "no evidence" to support the Petitioners' theory of imputed political opinion based on their

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Mrs. Castillo also mentioned the attack in her asylum application and in a declaration attached to her asylum application.

refusal to comply with the demands of the guerillas. We cannot characterize the record as containing "no evidence." A declaration signed by each of the Petitioners and attached to Manuel Castillo–Calderon's application clearly states that when Rosa Castillo–Calderon was attacked, she was told that if the family members did not transport the weapons as requested "[they] would be killed because [they] were not with [the guerillas] but with the government." The record is also replete with circumstantial evidence that could support a finding that the Castillos' tormentors imputed to the family neutrality in the long-running conflict between governmental and anti-governmental elements. Accordingly, we vacate the order under review and remand the case to the BIA for reconsideration.

VACATED and REMANDED.